## .NOLLY v. WILKINS, ADM'R DE BONIS NON.

1. An administrator *de bonis non* of a solvent estate, can only recover from his predecessor, whether he has been removed, or has resigned, the assets which remain in his hands, in specie, unconverted. A settlement of his administration can only be made between him and the distributees, or legatees of the estate.

Error to the Orphans' Court of Baldwin.

On the 17th October, 1842, the plaintiff in error was appointed administrator of the estate of Henry Snelgrove with the will annexed, and being subsequently cited to give additional security, he appeared on the 4th March, 1844, and presented his account with the estate, and on the 16th April, 1844, resigned his trust, and the defendant in error was appointed administrator *de bonis non* of the estate, and at the same time the plaintiff in error filed his accounts and vouchers for final settlement, which was directed to be made on the 15th June, 1844, and publication ordered.

The record then recites, that on the 16th June, 1844, at a regular term of the court, the plaintiff in error appeared, and presented his accounts and vouchers, and it appearing to the satisfaction of the court, that they have been duly audited, and passed upon by the court, and that the administrator has received $1317 25, and disbursed the sum of $880 17, including the sum of $300, heretofore paid to Levi Snelgrove, one of the legatees, and also the sum of $50 for maintenance of William Snelgrove, another of said legatees. It is therefore decreed by the court, that the said administrator retain the sum of $38 65 for his care and labor, in and about said administration, and further that after paying G. F. Lindsey for attorney's fees the sum of $20, to the clerk of this court for his fees and final publication $22 87, to the judge of this court for his fees $10, making in all the sum of $52 87, he pay over the residue, say $417 55, to William Wilkins ad-

ministrator *de bonis non*, and if not paid in twenty days, that execution issue therefor. It is further ordered, that said administrator forthwith deliver to said Wilkins a certain negro woman, and her child belonging to said estate.

From this decree this writ is prosecuted, and the following errors assigned:

1. The court erred in not auditing and examining the account at the time appointed by the order of publication.

2. The court erred in not stating the account before any decree was rendered.

3. The court erred in rendering the judgment in favor of Wilkins for $417 55.

4. In rendering judgment in favor of Lindsey.

5. In rendering judgment in favor of the clerk and judge of the court.

6. In rendering any judgment in favor of the administrator *de bonis non* against plaintiff in error.

7. In taking jurisdiction against Nolly, after he had resigned.

8. The court had no authority to receive and adjust the accounts of the plaintiff in error.

9. In making a final decree at the same time at which the account was stated.

10. In making a final decree, and directing an execution to issue.

HOPKINS, for plaintiff in error, cited 2 Porter, 33; Id. 550; 5 Rand. 51; 9 Ala. 725; 8 Id. 278; Clay's Dig. 312, § 39.

ORMOND, J.—In Willis v. Willis' adm'r, 9 Ala. 721, it was held, that a decree against a removed administrator, in favor of an administrator *de bonis non*, and execution ordered to issue in favor of the latter, was such an error as would reverse the decree, and as that is the predicament of this case, the judgment of the orphans' court must be reversed for this cause, and as it must be remanded, we proceed to consider some other questions presented on the record, and which must necessarily arise when the case is sent back.

In the case previously cited, it is left in doubt, whether the

orphans' court has power to settle the accounts of a removed administrator, either on his *voluntary application*, or on the application of those interested.    There can be no difference as to this question, between a removed administrator, or one voluntarily resigning his trust, and in either case, we consider it clear the orphans' court has this power.    The authority conferred on it is general, to settle the accounts of executors and administrators, and the necessity for such settlement is the same, whether he has *resigned, been* removed, or continues to execute the trust.    Indeed, where an executor or administrator removes beyond the State, express authority is conferred on the court to settle his accounts *ex parte*.    [Clay's Dig. 230, § 47.]

In whose favor is the decree in such a case as the present to be rendered?    It has been repeatedly held by this court, that the administrator *de bonis non* is only entitled to such of the assets of the estate, as remain in the hands of his predecessor in specie, unaltered and unconverted.    See these cases collected, and commented on, in Willis v. Willis' administrator, *supra*.    It follows that the distributees, or legatees, are the persons who should cite the late *administrator* to a settlement, and in whose favor a judgment should be rendered, whether the settlement is voluntary or compulsory.    The authority conferred on the administrator *de bonis non* by the act of 1843, (Clay's Dig. § 9,) to sue the former administrator, either in the orphans' or any other court of law or equity, to recover the assets, applies only to insolvent estates, and has no application in such a case as this.

The permission granted by the court to the administrator, to retain out of the balance adjudged to be in his hands, an attorney's fee, and the fees of the clerk and judge of the court, is an error of form merely.    It would have been more regular to have charged these items in his account, against the estate, but as the result is precisely the same, the judgment would not be reversed for this cause.

It is proper however to state, that in the settlement of the account, there is an error of a much graver character.    The administrator received a credit of $300, paid to one legatee, and $50 for the maintenance of another.    These items were

not proper credits in the settlement of his administration account. After an account had been stated, and balance struck, upon proof of payment to a legatee, he would have been allowed it as a credit against the share of such legatee, or as a satisfaction, if it was a payment in full. [Carroll v. Moore, adm'r, 6 Ala. 618.] It does not appear, whether the other legatee, to whom an advance was made, was a minor or not. That advances to minors for their maintenance, cannot be brought into the settlement of the administration account, see Willis v. Willis, 9 Ala. 334.

It is needless to consider the other questions made by the assignment of errors, as they will not probably arise again.

Let the decree of the orphans' court be reversed, and the cause be remanded for further proceedings.