PRICE v. SIMMONS, Adm'r.

1. Upon a writ of error sued out upon a final decree in the orphans' court against an administrator, he cannot assign for error, that he had been improperly removed from the administration, by a previous decree of the court.

2. An erroneous judgment, and award of execution, in favor of an administrator *de bonis non*, against a removed administrator, made previous to the passage of the act of 4th February, 1846, authorizing such a decree to be rendered, is not cured by the passage of that act.

Writ of Error to the Orphans' Court of Benton County.

THE plaintiff in error, by virtue of his office of sheriff of Benton county, was appointed administrator with the will annexed, of William Burns, deceased, by the orphans' court of Benton. He returned an inventory, and an account of sales. On the 14th day of January, 1842, the legatees under the will, made application to the orphans' court, to have the letters issued to the plaintiff in error revoked, and that James L. Simmons be appointed administrator *de bonis non*, with the will annexed. This application was granted, the letters granted to Price as sheriff were revoked, and Simmons appointed administrator *de bonis non*, on the same day. It does not appear from the record, that the plaintiff had any notice of these proceedings. Simmons having given bond and security, the plaintiff in error was ordered to pay over to him the assets in his hands.

On the 6th of September, 1844, the defendant in error filed his petition in the orphans' court, setting forth the facts of the appointment and removal of Price as administrator, his own appointment as administrator, and averring that Price yet had in his possession assets belonging to said estate, amounting to near $3,000. The petition concludes with a prayer for a citation against Price, that he be required to make a final settlement of the estate, and that judgment be

rendered against him for the amount in his hands not accounted for. Citation was ordered, and served on Price, the plaintiff in error; he appeared, and the cause being continued from time to time, on the twenty-second November, 1844, he filed his accounts and vouchers, which show a balance in his hands of $1,609 29. Amongst his vouchers, is a receipt to the plaintiff in error, by the defendant in error, for $8,826 91. Publication was then ordered to be made, requiring the legatees under the will, and all others interested, to appear on the 3d Friday of January, 1845, and show cause why the administration of said Price should not be finally settled according to the accounts and vouchers on file. On the day appointed, Price and Simmons, and the parties interested under the will appeared, and a final settlement was made, and on the settlement, it was found that the plaintiff had in his hands the sum of $1,982 69, money belonging to the estate, and thereupon a decree was rendered by the court in favor of James L. Simmons, administrator *de bonis non*, against Price, for the sum so ascertained to be in his hands; upon which decree execution was ordered to issue.

The errors assigned are—

1. The court erred in revoking the letters of administration to him, and in appointing the defendant in error administrator *de bonis non*, without notice to him.

2. The court erred in rendering a decree against him, in favor of the defendant in error as administrator *de bonis non*, and awarding execution thereon.

MORGAN, for the plaintiff in error.

Prior to the act of February 4, 1846, the orphans' court had no jurisdiction to render judgment in favor of an administrator *de bonis non*, and order execution thereon. 9 Ala. Rep. 721.

It was error to remove Price without notice. 11 Ala. 461.

RICE, contra.

DARGAN, J.—The plaintiff in error, cannot assign for error, on this record, the judgment of the orphans' court removing him from office without notice. This was done in

1842, and is a separate and distinct judgment, from the decree of final settlement, and to reverse which this writ of error was issued. The judgment of the orphans' court, if even erroneous, cannot now be reviewed on error, for the plaintiff was administrator by virtue of his office as sheriff, and when his office expired, his letters of administration ceased, or his authority as administrator ceased with his office. Besides, the statute of limitations is a bar to a writ of error, on the decree of the orphans' court, rendered 6th September, 1842 : even if this decree was erroneous for want of notice, the consideration of which we waive, the plaintiff cannot review it. But the decree of the orphans' court, rendered January, 1845, on the final settlement in favor of Simmons, as administrator *de bonis non*, against the plaintiff in error, and awarding execution thereon, is erroneous.

In the case of Willis v. Willis, 9 Ala. Rep. 721, this court, after a full review of the statutes, determine, that if an administrator be removed, and an administrator *de bonis non* be appointed, and final settlement is made with the administrator in chief, and a decree is rendered against him in favor of the administrator *de bonis non*, and execution thereon is awarded, that such decree is erroneous. That it is not authorized by any statute, and cannot be supported. This decision was made at the January term, 1846, and on the 4th of February, 1846, to supply what the legislature supposed was a defect in the law, in this respect, a statute was passed, authorizing the orphans' court, on a final settlement with the administrator in chief, to render a decree against him, either in favor of the administrator *de bonis non*, or in favor of the heirs or distributees, as the court may see fit. The decree in this case being rendered before the passage of this statute, was erroneous at the time of its rendition, and this act does not relieve it of the error, and consequently, the decree is reversed.

CHILTON, J., not sitting.