## KING AND ANSLEY, Adm'rs, v. SMITH AND STEELE.

1. Prior to the passage of the act of 4th February, 1846, a court of chancery would not entertain a bill filed by an administrator *de bonis non* against a former executor or administrator in chief of the same estate, for an account of assets, that had been wasted, embezzled or misapplied by him.

2. When the orphans' court, in a matter of concurrent jurisdiction, has taken cognizance and proceeded to a final decree, a court of chancery will not interfere, unless the bill alledges some *special* reason for its interposition.

Error to the Chancery Court of the 18th District. Before the Hon. W. W. Mason, Chancellor.

THE bill in this case was filed on the 5th April, 1844, by the plaintiffs in error, as the administrators *de bonis bon,* with the will annexed, of Jeremiah Smith, deceased, against the defendants in error, the first of whom, Smith, was executor of said will, and the other a security on his bond. It alledges that said Smith qualified as executor in 1834, took possession of the assets to the value of about $16,000, and from year to year up to 1839, received large profits from the same : that he conducted himself so badly as such executor, that in 1837 the orphans' court of Autauga county revoked his letters testamentary : that he has never accounted for his administration of said estate, has become insolvent, taken the benefit of the bankrupt act, and removed from the State, &c. The prayer of the bill is for an account, &c. Service was perfected on Steele by subpœna on the 12th July, 1844, and a decree *pro confesso,* after publication, was entered against Smith in the September following. Steele answered the bill, in which he averred that he had made a full and final settlement with the orphans' court of Autauga county, and annexed to his answer a transcript from said court, the substance of which is sufficiently set forth in the opinion of the court, for a full understanding of the question it presents.

The chancellor dismissed the bill, and this is now assigned as error.


T. & J. WILLIAMS, for plaintiffs in error.

1. It is admitted that at common law, the administrator *de bonis non,* is only entitled to the goods in specie, unadministered by his predecessor, yet that under our statute, he has a right to an account from his predecessor, where that predecessor has been removed by the judge of the orphans' court, for mal-conduct as administrator. Clay's Dig. 221, § 4; Chamberlin, adm'r, v. Bates, adm'r, 2 Porter, 555, 556 ; Judge of Benton Co. Ct. v. Price et al. 6 Ala. 39 ; Salter v. Cain, 7 Ala. 478.

2. If the removed administrator is only liable to the distributees, this would force the creditors into equity against such distributees; where the administrator *de bonis non* should not have in his hands in specie of the unadministered goods

sufficient to pay their demands. And this is not like the case where an administrator resigns, for there, under the statute, he is bound for all the assets not fully administered, or paid over to his successor, (Clay's Dig. 222, § 9;) and by his plea of resignation, he must set forth that he has fully administered, &c. Thomason and Haynes v. Blackwell, 5 Stewart & Porter, 181.

3. Although it is not denied, at law a previous suit may be necessary against the executor or administrator, before the security can be resorted to; yet in chancery no such procedure is necessary; as where, from necessity, the complainant in the first instance must go into chancery against the principal, to prevent multiplicity of actions, the security should be made parties; (Batchelor v. Elliot's adm'r, 1 Hen. & Munf. 10,) or where the principals are insolvent—Moore et al. v. Waller's heirs, 1 Marshall, 490; Copwood et al. v. Wallace, 12 Ala. 796; Moore v. Armstrong, 9 Porter, 697. And in certain cases, even where the proceedings have commenced in the orphans' court, chancery may take jurisdiction, retain it for all purposes, and make a final settlement— as in cases of trusts under wills, and especially where a discovery of assets is wanted; as is the case here—for there chancery has exclusive jurisdiction. Blakey, adm'r, v. The heirs of Blakey, 9 Ala. 391; Leavens v. Butler and wife, 8 Porter, 399. And even where a settlement is made in the orphans' court, after the bill is filed, as was the case here, such settlement will not be regarded in chancery. Holton and wife v. Blackerly et al. 5 Dana, 529.

4. But an administrator who has been removed, as was Smith, has no rights as an administrator—they are gone; he cannot even take out execution on a judgment recovered by him while administrator, nor sever the moiety so recovered. Salter v. Cain, 7 Ala. 478.

5. But the settlement insisted on by defendants, is inoperative, for the statute requires the account to be "stated, and audited." Vide Clay's Dig. 226, § 27; Robinson and wife, et al. v. Steele, adm'r, 5 Ala. 473. The settlement relied on, is on a condensing or aggregate, of former annual returns of Smith.

6. John Steele, the security, is not discharged, because of

King and Ansley, Adm'rs, v. Smith and Steele.

Pilant, the co-security's discharge—1. Because Pilant alone petitioned for discharge, as he had a right to do. Vide Clay's Dig. 221, § 5. And the discharge is to Pilant only. 2. Because the discharge to Pilant is void, inasmuch as the order for his discharge was made the 27th of February, 1837, some time before a new bond was taken, indeed on the very day the order to give the new bond is entered.

J. A. ELMORE, contra.

1. The final settlement and decree of the orphans' court is binding on all parties interested. That was a court of competent and concurrent jurisdiction, and first obtained and exercised its jurisdiction. Eaton v. Patterson, 2 S. & P. 9; Dobbs v. Cockerham, 2 Porter, 328; Wyman v. Campbell, 6 Porter, 219; Horn's legatees v. Grayson, 7 Porter, 270; DeVertner v. McMarran, Freeman, (Ch.) 136; Jones v. Coon, 5 S. & Mar. 751; Gildart v. Stark, 1 How. (Miss.) 450; Griffith v. Vertner, 5 How. (Miss.) 736; Blanton v. King, 2 Ib. 856; Clay's Dig. 300, § 21; Constitution of Ala. § 8 and 9.

2. No reason is assigned why the court should oust the orphans' court of its jurisdiction; such reasons must be specially alledged; and complainants show no right to maintain the suit. King v. Shackleford, 6 Ala. 423; Ib. 518; Knotts v. Tarver, 8 Ala. 743; Kirkman v. Van Lier, 7 Ib. 217, and cases cited on p. 224; Davis v. Yerby, 1 S. & Mar. (Ch.) 508; Prosser v. Yerby, 1 How. (Miss.) 87; Moore v. Armstrong, 9 Porter, 697; Edmundson v. Roberts, 2 How. (Mi.) 822; Blanton v. King, Ib. 856.

3. An administrator de bonis non, can maintain no suit against prior executor or administrator, except for the property or assets remaining in specie unadministered. Prosser v. Yerby, 1 How. (Miss.) 87; Stubblefield v. McRaven, 5 S. & Mar. 130; Kelsey v. Smith, 1 How. (Miss.) 68; Byrd v. Holloway, 6 S. & Mar. 323; Chamberlain v. Bates, 2 Porter, 550; Moore v. Armstrong, 9 Ib. 704, and cases cited on p. 705—unless on grounds provided for in the statute. And in such cases, the bill should charge that Smith was removed on one of these grounds, and should also state some reason why the aid of this court is sought, and it would seem on authority in such a case, that the complainants could not

King and Ansley, Adm'rs, v. Smith and Steele.

even sue at law. Clay's Dig. 221, § 4: King v. Shackleford, 6 Ala. 425; Judge B. C. C. v. Price, Ib. 36.

4. As to Steele, the bill cannot be sustained, because it shows Pilant a co-surety with Steele, and his release, and does not charge a devastavit before his release. The charge of waste would be necessary, if creditors, or legatees, were complainants. 1. As to the release—Clay's Dig. § 5, 7, p. 291-2; Towers v. Riddle, 2 Ala. 694; Polk v. Wisener, 2 Humph. 520; Russel v. McDougald, 3 S. & Mar. 234; MacKay et al. v. Dodge et al. 5 Ala. 388. 2. As to the devastavit—Governor v. Robbins, 7 Ala. 79; Townsend v. Everett, 4 Ala. 607.

5. After Smith's removal, on the 11th December, 1837, Steele is not liable. His liability, if at all, is for acts previous, or assets previously received, and wasted, or unaccounted.

6. Steele cannot be charged at law, even by creditors or legatees, without alledging waste. And there is no sound reason or principle for permitting it in chancery. On authority, it appears that Steele could not be sued on his bond in the first instance, on such an allegation at law. Judge B. C. C. v. Price, 6 Ala. 36; Leavens v. Butler, 8 Por. 399; Prosser v. Yerby, (Miss.) 1 How. 87; Chamberlain v. Bates, 2 Por. 550; Glenn v. Conner, Harper's Eq. 267.

7. All the parties should have been brought before the court. No excuse is given why Pilant's representatives were not made parties, except that Pilant was released, and if so, Steele is also. 3 Ired. 589; 9 Porter, 697, and cases cited on p. 708.

8. A final decree settles the principles of the case, and an order of reference would have done this. On the case as made, the complainants had no right to such a decree. Weatherford v. James, 2 Ala. 170; Wylie v. Venable, 4 Munf. 369.

CHILTON, J.—It is perfectly manifest that the complainants below were not entitled to a decree. No statute was in existence at the time of the filing of the bill, authorixing them to have an account of the assets, which were wasted, embezzled, or misapplied by the administrator in chief. The administrator *de bonis non*, as the title of his office implies, can only recover such property of a personal character be-

longing to the decedent, as remains unadministered.   So in Chamberlain's adm'r v. Bates's adm'r, 2 Porter's Rep. 550, which was afterwards affirmed in Moore v. Armstrong, 9 Porter, 704, it was held, the authority of the administrator *de bonis non* embraced only such assets as remained in *specie*, unaltered or unconverted by the former administrator or executor.   The remedy, as indicated by the case last cited, is for the distributees, or creditors, to file a bill in equity against the delinquent administrator, if living, or his representative, if dead, to recover for the waste or conversion of the assets.   See also, Willis v. Willis, 9 Ala. Rep. 721, and Price v. Simmons' adm'r, 13 Ala. 749.   This bill, so far as it seeks to charge the executor with a devastavit, is clearly without equity.

But there is another, and a fatal objection to the relief sought.   The defendant, Steele, pleads that he has made a full and final settlement with the orphans court, of Smith's administration of the assets of the estate, which came to his hands, and the duly certified records of the orphans' court, in which the settlement was had, fully sustains the plea.   If then, the orphans' court had jurisdiction to make the settlement, and that jurisdiction attached before the exhibition of the complainant's bill, it is too plain a proposition to require the citation of authority, that the settlement forecloses the complainants, and is a final adjustment of the whole matter in controversy.   The well established rule is, that in cases where two courts have concurrent jurisdiction, the court which first takes the cognisance of the cause, retains it to the exclusion of the other.   Eaton v. Patterson, 2 Stew. & Por. 9; 16 Mass. R. 171; Ib. 203; 1 Hawks' R. 78; Smith v. McIvor, 9 Wheat. R. 532; 3 Yerg. Rep. 167.

In this case, the orphans' court first moved in the matter of the settlement, on the 12th December, 1837.   A settlement was subsequently made, but reversed by this court in June, 1843.   Again, on the 29th February, 1844, the record shows, that said Smith having filed his accounts and vouchers for final settlement, the orphans' court ordered the necessary publication to be made for forty days, for all persons interested to attend the final settlement of said Smith's account as executor, &c. on the third Monday in April then next.

On the day appointed, viz : the 15th April, 1844, the final settlement was made, and entered of record, [by which it appears that the estate of Jeremiah Smith, deceased, was in arrear with said removed executor, in the sum of $2,351 99. This bill was filed the 5th April, 1844, and the subpœna was not executed until the 12th of July following. The jurisdiction of the orphans' court having first attached, and that court having passed a final decree embracing the subject matter of the bill, in the absence of fraud, or some other special cause for equitable interposition, the chancery court has no right to interfere with the decree, which has thus finally and fully adjusted the rights of the parties. This case is unlike the several cases decided by this court, in which the chancery court was held properly to have taken jurisdiction. See them referred to in Dement et al. v. Boggess's Adm'r, 13 Ala. Rep. 140. For here the complainants have submitted without objection to a final decree, made by the orphans' court, on proceedings instituted before filing their bill, which decree is conclusive, until some cause is averred, and shown, authorizing the chancery court to overhaul it.

But it is insisted by the counsel for the plaintiffs, that upon the removal of Smith as executor, the orphans' court had no power to make with him a decree of final settlement which should conclude them.

This point was expressly decided in Nolly v. Wilkins, 11 Ala. Rep. 872, where it is said, "the orphans' court has power to settle the account of a removed administrator, either on his voluntary application, or on the application of those interested. And that there is no difference as to this question between a removed administrator, and one voluntarily resigning his trust ; in either case, we consider it clear, the orphans' court has this power."

These views are decisive of the case before us, and render it unnecessary that we should notice the various other questions made in the argument.

It results, that the chancellor did not err in dismissing the bill. Let his decree be affirmed at the cost of the plaintiffs in error.