## HORTON, Adm'r, *vs.* MOSELEY, Adm'r.

1. A court of equity will restrain the Orphans' Court from proceeding in the final settlement of an estate, in cases where matters of purely equitable cognizance are to be adjudicated, or where a discovery is necessary to ascertain facts, which cannot be established otherwise.

2. A bill of discovery is demurrable, if it fails to set forth with sufficient certainty the particular matter, of which the discovery is sought, or to show that the answer of the defendant is essential, and that he is capable of making the discovery needed.

Error to the Chancery Court of Madison.    Tried before the Hon. David G. Ligon.

THE bill in this case, which was filed by the plaintiff against the defendant in error, alleges that the complainant is the administrator on the estate of his father Burrell Horton, who died in eighteen hundred and thirty ——, leaving an estate of seven negroes, and his widow, William Horton, John Horton and the complainant as his only distributees; that he and his brothers on the death of their father agreed to let their mother retain the whole of the estate during her life and use it as her own; that she and the said William Horton have since died and administration has been granted to him on the estate of his mother and to the defendant on that of William Horton; that the complainant has been required at the instance of the defendant to settle his administration in the Orphans' Court, and the said John Horton, who is a security on his bond as administrator, wishes to be released therefrom by the complainant giving other security; that he is able and willing to give other security, but that the Judge of the said Orphans' Court, upon a proper application in term time, when all the parties in interest were present, refused to take other security, on the ground that the old securities were sufficient; that he desires a fair and honest settlement of his administration, but that he has been held to a more rigid accountability than ever administrator was before in his county; that he has been required to prove all his payments again, notwithstanding the proof of them heretofore made was when made entirely satisfactory; that some of the witnesses by whom his accounts have

Horton, adm'r, v. Moseley, adm'r.

heretofore been established are dead, and others removed to parts unknown, and that without the testimony of the distributees and defendant, which the said Orphans' Court has rejected, his accounts will be settled by said court greatly to his prejudice; that the defendant's intestate has received moneys from him as administrator greatly above what the said intestate was entitled to as a distributee, and that without such testimony as will be available to him in a court of equity he cannot have justice done him in the settlement of his administration. The bill prays an injunction to restrain further proceedings in the Orphans' Court, an account, and general relief. The defendant filed a general demurrer to the bill, upon the hearing of which the chancellor dismissed the bill for want of equity. This decree is now assigned as error.

MOORE and MOORE, for the plaintiff in error.

ROBINSON, for the defendant.

PARSONS, J.—The Orphans' Court has jurisdiction to settle the accounts of executors and administrators, and to render a final decree for the amount ascertained to be in their hands, in favor of the distributees or those entitled to it, and also to allot to each his proper share thereof. Therefore, when a suit or a proceeding is commenced in the Orphans' Court for the final settlement of an estate, a court of equity will not interfere and arrest the Orphans' Court in the exercise of its legitimate jurisdiction, unless some specific fact or circumstance be alleged, which shows that the Orphans' Court, from the limited character of its jurisdiction, is incompetent to do complete justice, or that owing to its mode of proceeding, the facts cannot be fully brought by evidence to the view of the court. Thus an executor may have defences purely of an equitable character, which the Orphans' Court could not allow. In such cases he must go into a court of equity or lose the benefit of them. Again, a discovery from the parties in interest may be indispensable, in order to establish his defence, which cannot be fully and completely obtained without a bill for discovery. In such cases equity must interfere to prevent a failure of justice. Nor is the jurisdiction of a court of equity taken away because one party, wishing a discovery from

\*

the opposite party, can, under our statute, file interrogatories and compel an answer to them.—Mallory v. Matlock, 10 Ala. 727.

It, therefore, follows that a court of equity may restrain the Orphans' Court from proceeding to a final settlement, when it is necessary that matters of purely equitable cognizance must be adjudicated and ascertained, in order to reach the ends of justice, and also, when it is necessary to have a discovery from the opposite party, in order to establish facts, which otherwise could not be proved.

The bill, however, in this case does not contain either of those requisites. No equitable ground of defence, of which the Orphans' Court has not jurisdiction, is pretended to be alleged, and we think it entirely defective as a bill of discovery merely. The general rule in regard to bills of this nature, is that it must set forth the particular matters, in reference to which the discovery is sought, (Story's Eq. Pl, 325, Lucas v. The Bank of Darien, 2 Stew. 280,) and these matters should be alleged with sufficient certainty. It should also be shown that the answer of the defendant is essential to a complete defence, and that he is capable of giving the discovery sought. If a bill for discovery does not contain these requisites, it is demurrable.—Story's Eq. Vol. 1, 91. Testing this bill by these rules, it is clear that it is defective. It does not appear that Moseley, the administrator of William Horton, knows of the payments made by the complainant as administrator, or that he is capable of giving any discovery in reference to them; nor would the answer of his co-defendant be evidence against him. The complainant has, therefore, failed to show that the discovery that could be made, if, indeed, he has shown that any could be, would be of any avail to him, and consequently his bill was properly dismissed.