Arnett's Ex'r v. Arnett.

---

ARNETT'S EXECUTOR *vs.* ARNETT.

[BILL IN EQUITY BY LEGATEE AGAINST EXECUTOR.]

1. *Equitable relief against probate decree.*—After the final settlement of a decedent's estate before the probate court, the widow cannot come into equity, to abtain an allowance for her support, under a provision in the decedent's will directing that she "be allowed a sufficient support to last her twelve months" from his decease, without showing a sufficient legal excuse for her failure to prosecute her claim before the probate court.

APPEAL from the Chancery Court of Shelby. Heard before the Hon. JAMES B. CLARK.

THIS bill was filed by Mrs. Lucinda J. Arnett, against the executor of her deceased husband, Thomas Arnett, and sought to recover an allowance for her support and maintenance, under a provision in her husband's will which was in these words: "I also direct, that my wife be allowed a sufficient support to last her twelve months from my decease." The testator died in April, 1849; and letters testamentary on his estate were duly granted by the probate court of Shelby to Mirick J. Horton, one of the executors named in the will. The bill alleged, that the executor took possession of the entire estate, and disposed of the same; that he refused to pay to the complainant the amount to which she was entitled under the clause of her husband's will above copied; that in May, 1855, he made a settlement of his accounts as executor with said probate court, which he claimed to be a final settlement, but which was not so in fact; and that he retained in his hands, in right of his wife, a legacy of over $700, which the complainant insisted was liable to satisfy her demand.

The executor answered the bill; averring, that the complainant had, prior to his final settlement of the estate, instituted proceedings against him, before the probate court, on the claim which she now sought to enforce, and that said court had dismissed her application; and that his final settlement was delayed several days, in order to give her agent and attorney an opportunity again to prefer her claim. He insisted on the final settlement as a bar to the relief sought, and demurred to the bill for want of equity.

On final hearing, on pleadings and proof, the chancellor rendered a decree for the complainant, which the defendant now assigns as error.

S. LEIPER, for the appellant.

JNO. T. MORGAN, contra.

RICE, C. J.—The complainant is the widow of Thos. Arnett, deceased. The chancellor has decreed to her two hundred and forty-one 89-100 dollars, under a provision contained in the will of her late husband, which reads thus, "I also direct, that my wife be allowed a sufficient support to last her twelve months from my decease." Her bill was filed several years after the will had been admitted to probate, and some months after the executor had made a final settlement of the estate of the testator in the probate court, to which final settlement she was, in legal contemplation, a party.

It is true, that the claim which the chancellor has by his decree allowed to her in this suit, was not in fact passed upon by the judge of the probate court on final settlement, and was not noticed by him, because neither the complainant nor her attorney was present in person, or asked any action thereon, at the time of the final settlement. But the claim was not withdrawn from the jurisdiction of the probate court by any act or word of the complainant or her attorney. No fraud in the final settlement, nor any special reason for refusing to accord to it its full legal effect, is shown. Nor does it appear that the failure of the probate court to pass upon the claim here allowed by the chancellor to the complainant, was attributable to any other cause, than the neglect or fault of the complainant, in not appearing and urging its consideration.

It is a settled principle, that when the probate court, in a matter of concurrent jurisdiction, has taken cognizance, and proceeded to a final decree, a court of equity will not interfere, unless some special reason for its interposition is alleged, and duly established.—King v. Smith, 15 Ala. 264. No such reason is shown in this case, unless the fault or neglect of a party to the proceeding for the final settlement, to appear and urge his claim, could be held to amount to such a reason; and it is impossible to hold it to be so.

It may be, that the probate court erred in not passing on the claim, and that the complainant could, for that error, have reversed its decree, on appeal. But, be that

as it may, when, without having reversed that decree, she comes into a court of equity for relief, she cannot, *whilst her neglect and fault stand unexcused*, obtain relief, by showing merely an error of the probate court which is fairly attributable to her neglect and fault. As the case is now presented, the decree of that court on the final settlement is as conclusive against the complainant, as if by that decree her claim had been passed upon and rejected.

The decree of the chancellor is erroneous, and is reversed; and a decree must be here entered, dismissing the complainant's bill, and she must pay the costs of this appeal, and of the court below.