H. L. RITCH & CO., ET AL., APPELLANTS, VS. BURTON BEL-
LAMY, ADMINISTRATOR, ET AL., APPELLEES.

1. In the absence of special equities, the County and Circuit Courts have
concurrent jurisdiction in the matter of the settlement of administra-
tions. Where there has been a suggestion of insolvency under the
statute in the County Court, and creditors have filed their claims, the
Circuit Court should not take jurisdiction at the suit of such creditors,
in the absence of circumstances calling for the exercise of its chancery
powers, as distinct from probate or surrogate powers, or unless for
some special reason it is made to appear that the County Court cannot
administer adequate and complete relief between the parties. The
constitutional grant of surrogate and probate jurisdiction to the County
Court considered and defined.

2. Where the jurisdiction of a Court of Equity attaches to such matter
for one purpose, it may retain the case for all purposes and make final
settlement of the estate.

Appeal from the Circuit Court, Second Judicial Circuit,
for Jefferson County.

A statement of the case is contained in the opinion of the
court.

*S. Pasco* for Appellants.

The plaintiffs submit the following grounds and reasons
why the demurrer appealed from should have been over-
ruled:

1. To sustain the demurrer, it is incumbent on the ad-
ministrator to show that the county court, sitting as of pro-
bate, has jurisdiction to hear and determine the matters of
complaint set up by the plaintiffs. Thomp. Dig., 57, 58,
195, 203, 207; Constitution of 1868, Art. VI, s. 11; Bush's
Dig., 416-17, sec. 17.

It would be a denial of justice to send the plaintiffs to a
tribunal that can give no relief. The probate court cannot
open a stated account, nor order the foreclosure of a mort-

gage, nor try an issue as to the insolvency of an estate, nor compel the administrator to make good any loss in consequence of acts amounting to a *devastavit*. Its jurisdiction is limited and restricted by express statutes. In the matter of insolvent estates, its powers are strictly defined, and the act under which the administrator is proceeding, according to its title, is only "to provide for the payment pro rata of the debts of insolvent estates." Act approved Jan. 8, 1853, chap. 527, p. 105.

2. Chancery gives aid to the jurisdiction of inferior courts. 1 Sto. Eq., s. 33, 598-99; 1 Fonbl. Eq., b. 1, c. 1, s. 3., p. 9; Francis' Maxims, 31.

If the county court, sitting as of probate, finds itself unable to give full relief, the parties in interest can properly resort to this tribunal, and if the aid of this court becomes necessary for any reason, the jurisdiction of the probate court is not necessarily ousted. It can still dispose of the assets in its keeping, and if the chancery court recovers or brings to light new assets, such order can be made for the disposition of the same as is just and right. 22 Vt., 58-9; 9 R. I., 275; 64 N. C., 176, 180.

3. The purposes of the two causes or actions are different. The administrator is in the probate office, with his suggestion of insolvency, to pay the debts pro rata; the creditors are in the court of chancery to foreclose their mortgages, to surcharge and falsify or to open and revise the administrator's accounts, to effect the sale of the lands, to establish a balance as due the estate by the administrator for further action, and to establish the solvency of the estate upon a proper settlement of the administrator's accounts. But one matter is common to both the application to the court to take the assets into its own jurisdiction and make distribution.

4. The demurrer, if bad in part, is bad altogether. (Voorhies' Code, 206, a.) The demurrer is to the whole complaint, and if any part of the matters complained of is with-

in the jurisdiction of this court, after the suggestion of insolvency, the action must be sustained. There surely can be no question about the right of foreclosure, and two of the parties plaintiff invoke the aid of the court for that purpose. 11 Fla., 123.

The statute does not recognize the rights of mortgagees, but this court has held that it has not extinguished those rights. If the mortgagees are properly here, all the other parties are, for all have an interest in the subject matter, and no more convenient way can· be found to bring all the parties before the court than by filing a complaint in the nature of a creditor's bill.

5. It would be an encouragement to fraud if an administrator could shelter himself behind a suggestion of insolvency, whenever an action against him was imminent in consequence of acts of *devastavit* or maladministration.

In the present case, it is charged (and admitted by the demurrer) that the alleged insolvency has been caused by the improper acts of the administrator, and he simply pleads the insolvency as a reason why he should not answer the charges against him. Surely this is claiming advantage of his own wrong.

6. The remedy here sought is full, complete and ample, and the court should take jurisdiction of the whole matter to save multiplicity of suits and settle the rights and equities of all the parties. The doctrine as laid down by Story in regard to the concurrent jurisdiction of the courts of chancery and the spiritual courts in like cases, would seem to conclude the matter. The spiritual court, he says, in the language of Lord Chancellor Nottingham, has but a lame jurisdiction. " And although, ordinarily, in cases of concurrent jurisdiction, the decree of the court first having possession of the case is held conclusive, yet courts of chancery have not held themselves bound by decrees of the spiritual courts in cases of distribution, from their supposed inability to do entire justice." 1 Sto. Eq., secs. 546-7, 534, 542; 2

Ca. in Chy., 85, 95 ; 2 Rep. in Chy., 367, (156 ;) 3 ib., 72, (150 ;) 1 Vernon, 403, 435 ; Ib., 26, (279 ;) 2 Fonbl. Eq., 317 ; 2 Williams on Ex's, 1718 ; 2 Vernon, 47, (194 ;) Toller on Ex's, 489, and cases there cited ; 2 Wm's on Ex's, 1727.

This court has expressed similar views in a recent case, and it is freely admitted that those views were followed as a precedent in preparing the complaint in this action. 13 Fla., 321.

*Scott & Clarke* for Appellees.

Where courts have concurrent jurisdiction, the jurisdiction of the court which first actually attaches to the matters in controversy becomes exclusive over those matters, and no other court of concurrent jurisdiction can interfere to oust that court of such jurisdiction. 9 Wheat., 532 ; Brightly, p. 504, sec. 43. "In all cases of concurrent jurisdiction, the court which first has possession of the subject must determine it conclusively." 20 H., 583 ; 1 Curt., 178 ; 1 Pa., 621 ; 6 McL., 355 ; 4 Am. L. R., 526 ; 5 ib., 659 ; Hemp., 708 ; 3 West L. M., 290 ; 5 Cond. Rep., 662 ; 2 Kelly, (Ga.) 304 ; 3 Yerg. R., 167 ; 2 Munf. R., 35.

If plaintiffs are dissatisfied with any of the decrees or rulings of the county court, they have their right of appeal to the Circuit Court for the correction of any errors. See Acts 1868, p. 15, sec. 19 ; Acts 1852, p. 105, sec. 1.

If the facts exist as charged in the bill, the administrator may be removed by the county court on application of any creditor, and be forced to render a true, perfect and final account of his administration and to pay over any and all amounts due from him to the estate, and the powers of the county court to compel him to so account are made much more ample and complete than those of a court of chancery. See Acts 1870, pamph., p. 19 to 22.

The Circuit Court refused to take jurisdiction. This court will not compel it to take jurisdiction if the parties have a

complete remedy in the county court, where the matter of insolvency is pending.  64 N. C., 176 to 179.

WESTCOTT, J., delivered the opinion of the Court.

This action is brought in the Circuit Court by mortgage creditors of the deceased intestate against his administrator, heirs-at-law and distributees.  It is instituted in behalf of themselves and all other creditors who may come in and contribute.  It is a general creditor's bill, accompanied by a charge of waste of assets, and negligent management by the administrator.  The complaint describes the mortgages of the several creditors ; alleges that before the institution of the suit a written suggestion of insolvency of the estate was filed in the county court of Jefferson county ; that an order was made by said court requiring presentation to be made of all claims to the judge of said court, and that the claims of the creditors instituting this action have been proved and filed in the county court.  It alleges waste and neglect upon the part of the administrator in the management of the assets, and affirms that upon a fair and just accounting, making all proper charges against the administrator, it will be found that the estate is solvent.

Plaintiffs pray for an account ; that the administration and settlement of the estate may be transferred to the Circuit Court ; that the administrator may be charged for his alleged waste and mismanagement ; that the several mortgaged premises may be sold and the proceeds applied to the mortgage debts, and for the application of the assets to the payment of the debts, and for a general settlement of the estate.  To the complaint the defendant interposed a demurrer upon the ground that " the matters therein complained of are now being examined into by a court of concurrent jurisdiction with the Circuit Court, to wit : the county court of Jefferson county, acting in its capacity as a court of probate."  The demurrer was sustained and the bill dismissed. From this order this appeal is prosecuted.

Upon an examination of the constitutional grant of juris-diction to the county court in the matter of the settlement of estates, it will be found that its authority is confined to surrogate or probate powers, and that it is expressly provided that in no case shall it have jurisdiction where the jurisdiction will conflict with that of the several courts of record. The circuit court having been previously invested with full original chancery jurisdiction, it is clear that the county court cannot exercise any chancery power, unless the power is of such nature that it may be called as well a probate or surrogate power as a chancery power. Wherever, therefore, a surrogate or probate power is at the same time a chancery power, there is unquestionably concurrent jurisdiction in the two courts, and wherever it is a purely chancery power, as contradistinguished from a surrogate or probate power, then the jurisdiction becomes exclusive. When we recollect that the settlement of estates is the fruitful source of accident, mistake, trust and fraud, and that the jurisdiction of the county court in this matter is for the most part limited to powers granted by statute, it must be clear as a general proposition that a court of equity cannot be limited in its jurisdiction, or prevented from its exercise in such matters, simply because an administrator has qualified and is in process of settlement of the estate in the county court. An account having been presented to an administrator and filed in the county court by a creditor, it certainly could not be insisted that such creditor could not bring a creditor's bill for that reason, nor could it be insisted that this creditor, in case the debt was disputed, could not bring his action at law against the administrator. It must be conceded, however, that in the absence of special equities, the county and circuit courts have concurrent jurisdiction in the matter of the settlement of administrations, and that in such cases the tribunal which first takes cognizance of the matter in controversy will retain it to the exclusion of the other, unless for some special reason it is made to appear that the

probate courrt cannot administer adequate and complete relief between the parties.    17 Ala., 794; 9 ib., 479; 13 ib., 144; 2 Stock. Chy., 287; 1 Green C. R., 239; 4 John. Ch., 410; 33 Ala., 241; Story's Eq., secs. 532, 541–2.

In this complaint creditors seek to surcharge and falsify the accounts of the administrator.    They charge him with delinquences and seek to recover for alleged waste and conversion of assets.    These are unquestionably the proper subjects-matter of equity jurisdiction.    8 Port., 400; 2 Wms. Ex'trs, 1104; 4 Cond. Eng. Ch., 94; 9 Port., 704; 15 Ala., 269; 3 Fla., 55.

Several of these creditors hold mortgages upon the real estate of the deceased intestate, and it must be apparent that a court of equity is the proper tribunal to decree a strict foreclosure and sale.    We are not prepared to say that if a sale of this property was directed by the county court, and the proceeds applied to the respective liens, that such proceeding would be *coram non judice*.    On the contrary, after careful examination of the authorities, we incline to the opinion that such proceeding would be sustained, as it pertains to the settlement of the estate and is in one sense but the simple payment of a debt.    At the same time, it cannot be denied that the foreclosure of a mortgage is a matter which does not belong to the jurisdiction of the county court.    It is very difficult to define accurately the point from which the court of equity has exclusive jurisdiction.

Again, it is a reasonable inference from the allegations of the bill, that the defenses of the administrator to the charge of improper management and waste of assets are of an equitable character.

Under all the circumstances, it seems clear that there are special reasons in this case why a court of chancery should take jurisdiction, and that the powers of the county court are not adequate or sufficiently comprehensive and flexible to render complete justice.    17 Ala., 795–6; 31 ib., 213;

4 John. Chy., 410; Story's Eq., sec. 543; 8 Port., 396; 13 Ala., 140; 2 Stock. Ch'y, 287; 1 Green C. R., 239.

These features of the case give the court of chancery jurisdiction, and having jurisdiction for one purpose, this will draw to it the right to adjust the entire administration. 31 Ala., 213. The remarks of Mr. Justice Ormond, in Blakely, adm'r et al. vs. the heirs of Blakely, we think cover this case entirely. Speaking for the court he says : " Conceding that the jurisdiction of chancery is concurrent in testamentary matters ·with the orphan's court, and that the court which first obtains jurisdiction will be entitled to keep it, there are many· cases in which the court of chancery may take jurisdiction after the proceedings have been commenced in the orphan's court, and having obtained jurisdiction for one purpose, retain it for all purposes and make final settlement." 9 Ala., 394.

What should be the precise form of the decree or order here is a question which can best be determined after answer. We only decide that there are circumstances demanding the action of a court of equity, and that the demurrer should have been overruled. The judgment dismissing the bill and sustaining the demurrer is reversed, and the case is remanded for further proceedings.