## SNEDICOR v. CARNES.

1. Previous to the act of 1845, the Orphans' Court was not invested with the jurisdiction to compel the executor or administrator of a guardian to appear and settle the accounts of the deceased guardian.

Writ of Error to the Orphans' Court of Greene.

This proceeding was commenced by Joseph Carnes, as the administrator of William B. Carnes, against George G. Snedicor as the administrator of James Snedicor, who in his life-time was the guardian, appointed by the same Court, of said William B. Carnes ; and was instituted to compel the administrator of Snedicor to pay over the money due by Snedicor to his ward at the time of his death, which happened about four months before he became of age. The guardianship commenced when the ward was five or six years old, and the money which came to the guardian's hands was shown to be about ninety dollars. The guardian offered evidence, showing the delivery of a horse to his ward, valued at ninety-five dollars, in the year 1839. He also produced, and proved a receipt made by his ward, admitting the receipt of one hundred and forty dollars, in full for his part of his father's estate. There was evidence also of the admissions of the plaintiff, that he knew his brother, the deceased, had been paid every thing which was due him by his guardian.

Two questions were presented; 1. Whether the Court below had jurisdiction to proceed against the *administrator* of the guardian.

2. Whether, under the circumstances in proof, the judgment should not have been for the defendant.

A. GRAHAM, of Greene, for the plaintiff in error.

J. B. CLARK, contra.

GOLDTHWAITE, J.—The objection to the exercise of jurisdiction by the Orphans' Court, is conclusive of the case. None of the statutes conferring powers upon the Orphans' Courts, ex-

tend so far as to invest them with authority to cite the administrator or executor of a guardian to account concerning the guardianship of their testator or intestate ; and these Courts certainly possess no general jurisdiction over guardians independent of statutory regulations. If the matter was doubtful as to executors and administrators, it seems certain as to guardians.

In Talliaferro v. Basset, [3 Ala. Rep. 670,] we held, upon great consideration, that the statutes were defective in this particular, with respect to administrators, &c., and since then, but after this decree, a general statute has been passed, conferring the necessary jurisdiction. [See Acts of 1845, page 167.]

As the Court had no jurisdiction over the subject matter at the time the decree was made, it is manifestly improper to express a decided opinion upon the merits of the case ; though we feel constrained to say, that the receipt of the ward, coupled with the other evidence, seems persuasive, at least, to show that the whole sum due to the ward was received by him. And no effort being made to controvert the *bona fides* of the payments, we should probably feel inclined to consider them as not improperly made.

For the want of jurisdiction, the judgment must be reversed.