## GRAY vs. JENKINS.

1. An action at law on their bond does not lie against the sureties of an executor, on a decree against his administrator, rendered by the Orphans' Court on the final settlement of his executorship, under the act of 1845.

ERROR to the Circuit Court of Lawrence.

Tried before the Hon. THOMAS A. WALKER.

WILLIAM COOPER, for plaintiff in error.

L. P. & R. W. WALKER, *contra.*

GOLDTHWAITE, J.—The main question presented is, as to the sufficiency of the declaration. The action is in the name of the Judge of the County Court, for the use of William B. Jenkins, who is a legatee under the will of Augustine Jenkins, and the defendant is one of the sureties upon the official bond given by his executor, Jennings. The declaration sets out the death, probate of the will, grant of letters testamentary, and the execution of the bond by the defendant below : it also alleges the death of Jennings, the executor, without settling his accounts as such, the appointment of an administrator upon his estate, the settlement by him of the accounts of his intestate as executor with the Orphans' Court, and a decree against him by such court, in favor of the legatee, to be levied of the goods and chattels of the intestate in the hands of the administrator ; it also alleges the non-payment of the decree, and a *devastavit* by the executor in his life-time, to the amount of the same.

Of the various grounds which have been urged in support of the demurrer, we shall consider but one ; and that is, whether the sureties of a deceased executor are liable, at law, upon the facts alleged in the declaration.

By the common law, if an executor committed a *devastavit*, and died, his executor or administrator was not liable, upon the ground that it was a personal tort in his testator or intestate, which died with the person; but the rule was otherwise in equity.—Taliaferro v. Bassett, 3 Ala. Rep. 670 ; Snedicor v. Carnes, 8 Ala. 655. The rule of the common law was changed, with us, by the act of 27th January, 1845 (Acts 1844–5, 166), and 4th February, 1846 (Acts 1845–6, 14), which invested the Orphans' Court with the power to settle the accounts of the deceased executor or administrator as such, with his personal representative, and to render a decree for the balance found due on such settlement in favor of the administrator *de bonis non*, the heirs and distributees. The object of these statutes, was, to afford the Orphans' Court the means of reaching the estate of the first executor or administrator, in the hands of his personal representative ; and, perhaps, the remedy would extend to the assets of the first estate unadministered ; but it could go

no further.   The settlement made by the administrator of Jennings was not binding on the sureties of the latter, for the reason that it was, as to them, *res inter alios acta*.   They were neither parties nor privies to it, and it was not a proceeding *in rem*.   We have held, it is true, that the sureties of an administrator are concluded by the settlements of their principal in the Orphans' Court (Williamson v. Howell, 4 Ala. 694); but this was on the ground, that the settlement was an act done by the administrator in pursuance of law.   Here the act is not done by the principal : the settlement is made by his administrator, and, although it may be conclusive upon the latter and his sureties, it has no effect whatever upon the sureties of the first executor (Lucas v. The Governor, 6 Ala. 826), and as to them no change is made in the remedy.— Jenkins v. Gray, 16 Ala. 100.

As the settlement made by Galloway, and the decree rendered against him, had no effect upon the sureties of Jennings, the declaration, which rested the liability of the appellant, in part, upon these facts, was defective.   The demurrer should have been sustained, and as this point is conclusive of the case, it is unneccessary to decide any of the other questions presented.

Judgment reversed, and cause remanded.