# Stallworth's Adm'r *v.* Farnham.

*Bill in Equity by Administrator de bonis non, against Personal Representative and Sureties of Deceased Administrator.*

1. *Settlement of accounts of deceased administrator; remedy against sureties.* When an administrator has died without making a settlement of his accounts, his personal representative may make such settlement, or may be required to make it, in the Probate Court, and a decree may be rendered against him, in favor of the administrator *de bonis non* (Code, §§ 2537-40, 2590-96); but such settlement is not conclusive on the sureties of the deceased administrator, nor will it support an action at law against them; consequently, the administrator

*de bonis non,* after having obtained such a decree against the personal representative of the deceased administrator in chief, with an execution thereon returned "No property found," may file a bill in equity against the sureties and personal representative of the deceased administrator, to compel a settlement of his accounts.

2. *Exhibits to bill; failure to attach.*—The failure to attach exhibits to the bill, or to file them with the bill, is not a ground of demurrer to the bill : an order may be obtained requiring them to be produced and filed, under penalty of striking the bill from the files.

APPEAL from the Chancery Court of Conecuh.

Heard before the Hon. H. AUSTILL.

The bill in this case was filed on the 2d June, 1877, by Joseph H. Thomas, as the administrator *de bonis non* of the estate of C. J. Stallworth, deceased, against Mrs. Susan J. Cunningham individually, and as the executrix of the last will and testament of her deceased husband, James Cunningham, who was the administrator in chief of the estate of said C. J. Stallworth ; and also against John H. Farnham and E. W. Martin, as sureties on the official bond of said James Cunningham as such administrator ; and sought to compel an account and settlement of Cunningham's administration on said estate. The bill alleged that, after Stallworth's death, the date of which was not stated, Cunningham duly qualified as the administrator of his estate, and gave bond dated the 8th February, 1869, with Farnham and Martin as his sureties; that he received large sums of money, assets of said estate, which he wasted and converted to his own use, and died, in November, 1874, not having settled his accounts as administrator ; that on the 30th March, 1875, letters of administration *de bonis non* on Stallworth's estate were granted to the complainant, and he thereupon instituted proceedings in the Probate Court against Mrs. Cunningham, as the executrix of the will of her deceased husband, to compel a settlement of his administration on Stallworth's estate ; that he obtained a decree against her in that proceeding, on the 12th July, 1875, for $2,341.49 ; that an execution was regularly issued, and returned " No property found," and an *alias* was issued and returned in like manner ; that there are debts outstanding against Stallworth's estate, which the complainant is unable to pay for want of assets ; and that he has no remedy against said sureties, except in equity. Copies of Cunningham's official bond, and of all the proceedings in the Probate Court, purported to be made exhibits to the bill, but were not annexed or filed ; and they are nowhere set out in the transcript.

The defendants demurred to the bill, assigning as causes of demurrer, with other matters, the failure to annex or file the exhibits, whereby the bill was incomplete ; and that the

[Stallworth's Adm'r v. Farnham.]

complainant had an adequate remedy at law. The chancellor sustained the demurrer on these grounds, and dismissed the bill; and his decree is now assigned as error.

J. W. POSEY, for the appellant, cited *Gray v. Jenkins*, 24 Ala. 516; *Waring v. Lewis*, 53 Ala. 6.2; *Moore v. Armstrong*, 9 Porter, 697; *Thompson v. Searcy*, 6 Porter, 393; *Rogers v. Grannis & Co.*, 20 Ala. 247; *Thomas v. Sterns*, 33 Ala. 137; *Stanmyre v. Foster*, 42 Ala. 628.

GAMBLE & BOLLING, *contra*, contended that the old decisions of this court, cited for appellant, were not applicable to the statute now of force (Code, §§ 2537-40); and that the failure to file or annex the exhibits to the bill, was a substantial defect, as fatal as the omission of a foot-note to the bill. They cited *Ragland v. Calhoun*, 36 Ala. 66; *Seawell v. Buckley*, 54 Ala. 592; Rules of Chancery Practice, Numbers 10, 12; Code, 163.

BRICKELL, C. J.—By the common law, as it was recognized and administered by this court, an administrator whose authority ceased by resignation or removal, or the personal representatives of a deceased administrator, could be required to account only to the persons beneficially interested in the estate,—distributees, next of kin, or creditors. An administrator *de bonis non* succeeded only to the goods and chattels, rights and credits of the intestate, which were unconverted or unadministered by the administrator in chief. He was without authority, as the administrator in chief was without duty to him, for defaults or devastavits during the preceding administration.—*Chamberlain v. Bates*, 2 Port. 550; *Judge v. Price*, 6 Ala. 36; *Willis v. Willis*, 9 Ala. 721; *King v. Smith*, 15 Ala. 264; *Nolly v. Wilkins*, 11 Ala. 872; *Whitworth v. Oliver*, 39 Ala. 286.

The jurisdiction of the Court of Probate, or of the Orphans' Court, as the court was originally designated, was plenary as to the settlement of the accounts of an administrator or executor, compelling him to distribution, or the satisfaction of legacies, and holding him to responsibility for defaults or devastavits. Until expressly conferred by statute, the court was without jurisdiction to call the personal representative of a deceased administrator, or executor, to a settlement of the administration of his intestate or testator. The jurisdiction resided exclusively in a court of equity.—*Taliaferro v. Bassett*, 3 Ala. 670; *Snedecor v. Carnes*, 8 Ala. 655. By the act of the General Assembly, approved January 27th, 1845 (Pamph Acts 1844-5, pp. 166-7), the jurisdiction of the court

was enlarged, and full authority was conferred to call the personal representative of a deceased executor or administrator to an account of the administration of his testator or intestate ; and such accounting could be had with the administrator *de bonis non,* or with distributees, or legatees, or creditors.

The general statute then, as now, authorized the Court of Probate, whenever a decree was rendered against an executor or administrator on a final settlement, and execution thereon against him was returned *no property found,* to issue an execution against the sureties on his bond. In *Jenkins v. Gray,* 16 Ala. 100, it was determined, that this statute did not authorize the court to issue execution against the sureties on a decree rendered against the personal representative of their principal, on a settlement made by him of the administration of the principal. In the subsequent case of *Gray v. Jenkins,* 24 Ala. 516, it was determined, that an action at law would not lie against the sureties for the recovery of such decree. The settlement and decree was, as to them, *res inter alios acta,*—not binding upon, and not evidence against them. It simply bound the personal representative of their principal, and the assets of the principal coming to his hands for administration.

An act of the General Assembly, approved February 4, 1846, changed the common-law principle to which we first referred. Under its operation, the right and title of an administrator *de bonis non* was not confined to the unadministered or unconverted assets, remaining *in specie.* He was charged with the right and duty of calling his predecessor to an account of his administration, and charging him with all defaults and devastavits. His right and duty, in this respect, was not distinguishable from his duty and right in reference to the choses in action of his testator or intestate.—*Waring v. Lewis,* 53 Ala. 628. The several statutes to which we have referred, are substantially re-enacted, and incorporated in the Code of 1876, forming sections 2537-40, 2590-96.

The present bill is filed by an administrator *de bonis non,* against the personal representative and sureties of the deceased administrator in chief, for an account and settlement of the administration of the intestate. The allegations are, that the deceased, in the course of his administration, received assets for which he did not account, and died without having made settlement ; that after his death a settlement of his administration was made in the Court of Probate, by his personal representative, and a decree rendered against her, in favor of the administrator *de bonis non,* for a large amount, upon which execution was issued and returned *no property*

*found.* A demurrer to the bill, on the ground that the complainant had an adequate remedy at law, was sustained, and the bill dismissed.

The error in sustaining the demurrer is apparent from the decisions to which we have referred. The settlement made by the personal representative of the deceased administrator, and the decree rendered against her, were not binding upon, or evidence against the sureties. No action at law upon the bond of the deceased administrator, against them, founded on that decree, could have been supported. It is a judgment or decree against their principal, for whose acts they have agreed to be liable, rendered against him in his representative capacity, that is evidence against, and binding on them, and the foundation of an action at law against them ; and not a judgment or decree against the personal representative of the principal, for whose diligence and good faith they have not consented to be answerable. Nor had the Court of Probate, as was determined in *Jenkins v. Gray, supra,* authority to issue execution on the decree against the sureties. It is only against the sureties of the executor or administrator, against whom the decree is rendered, that such authority is conferred. Code of 1876, § 2619. There was no remedy for the complainant in any other tribunal, than a court of equity.

2. The failure to file the exhibits referred to in the bill, was not a good cause of demurrer. An order on the complainant to produce and file them, if not obeyed, would have justified the striking of the bill from the files.

The decree of the chancellor must be reversed, a decree here rendered overruling the demurrer, and the cause will be remanded to the Court of Chancery.