# Glass *v.* Woolf's Adm'r·

*Action on Guardian's Bond; against Administrator of Deceased Surety.*

1. *Non-claim; in favor of estate of surety on guardian's bond.*—On the death of a minor, or the attainment of majority by him, the duty at once devolves on his guardian to make a settlement of his guardianship; and the statute of. non-claim at once commences to run in favor of the estate of a deceased surety on the guardian's bond (Code, § 2597), and does not wait until there has been a judicial ascertainment of the guardian's liability.

APPEAL from the Circuit Court of Marengo.

Tried before the Hon. WM. E. CLARKE.

This action was brought by W. B. Glass, as the administrator of the estate of his deceased brother, Samuel T. Glass, deceased, against S. G. Woolf, as the administrator of the estate of H. A. Woolf, deceased, who was one of the sureties on the official bond of Williamson Glass·as guardian of said Samuel T. and W. B. Glass; and was commenced on the 3d February, 1886. The guardian's bond was dated the 26th September, 1871, and was conditioned in the terms of the statute. The plaintiff's intestate died in Texas, in October, 1880, being then about sixteen years of age; and there was no administration on his estate until plaintiff was appointed, on the 7th March, 1885. The guardian made an attempted settlement of his accounts on the 14th January, 1878, but it was held void by this court on appeal, under a bill filed to set aside the decree and an entry of satisfaction. *Glass v. Glass*, 76 Ala. 368. Another final settlement was made on the 13th July, 1885, and that decree was filed on the 16th September, 1885, as a claim against the estate of said H. A. Woolf, defendant's intestate, who had died on

[Glass v. Woolf's Adm'r.]

the 23d October, 1879, and on whose estate letters of administration were granted to the defendant on the 25th February, 1880. The defendant pleaded the statute of non-claim, and that was the only defense. On these facts, the court instructed the jury to find for the defendant, if they believed the evidence. The plaintiff excepted to this charge, and he here assigns it as error.

GEO. W. TAYLOR, for appellant.

TAYLOE & JOHNSTON, contra.

SOMERVILLE, J.—The Circuit Court decided, that the claim of the ward against the estate of the deceased surety on his guardian's bond was barred by the statute of non-claim; and the question presented in this court is the correctness of this conclusion.

The statute of limitations does not ordinarily commence to run, in such a case, until the judicial ascertainment of the guardian's liability—that is, until the rendition, by a court of competent jurisdiction, of a judgment or decree against the principal.—Martin v. Tally, 72 Ala. 23. The non-payment by the principal of the amount thus adjudged to be due would constitute a breach of the bond. Not so, however, with the statute of non-claim, which has in view the subserving of a distinct policy—the speedy settlement of the estates of decedents, with safety to those entrusted with their management. A claim may fall within the operation of the statute of non-claim, before the statute of limitations commences to run against it, and although no right of action on it has accrued. As heretofore said by this court, "it is enough that the claim, the right to demand in the future, certainly exists."—McDowell v. Jones, 58 Ala. 25, 33. It has been repeatedly held, that the commisssion of a devastavit by an administrator or guardian, whether judicially ascertained or not, would constitute such a breach of the surety's bond as to be at once resolved into the accrual of a claim against the latter's estate, and thus put immediately into operation the running of the statute of non-claim. Fretwell v. McLemore, 52 Ala. 124; Taylor v. Robinson, 69 Ala. 269; Foster v. Holland, 56 Ala. 474.

The liability of a surety on an administrator's or guardian's bond may, it is true, be deemed contingent until the principal fails in the performance of some duty required of him by law. But, upon the failure of such duty, it becomes an absolute, presentable claim, although not yet payable or due. When, however, an action at law, or a bill in equity, will lie

[Glass v. Woolf's Adm'r.]

*in presenti* against the principal and his sureties, to bring them jointly to a settlement of his guardianship or administration, it is clear that such right of action is an accrued claim, which falls within the operation of the statute of *non-claim*. Such, in our opinion, is this case. The death of Samuel T. Glass, on October 1st, 1880, at once dissolved the relationship of guardian and ward existing between himself and the principal in the bond, Williamson Glass. The right to have an administrator appointed on the estate of the deceased minor, and to bring the guardian and his sureties to a settlement, at once accrued. The failure to make such a settlement was a breach of the guardian's bond. So, William B. Glass attained his majority on July 8th, 1882, and the same right then accrued to him. Upon a ward's coming of age, the duty of making a final settlement is at once devolved upon the guardian.—Code, 1876, § 2772. It is settled in this State, that the Chancery Court has concurrent jurisdiction of settlements between minors and their guardians, and that this jurisdiction has not been taken away by any power conferred on the Probate Court.—*Lee v. Lee*, 55 Ala. 590; *Haily v. Boyd*, 64 Ala. 399. Either of two forums was thus open to complainant for the prosecution of his demand. The defendant's intestate, who was the guardian's surety, died in 1879, and letters of administration were issued on his estate in February, 1880. The claim was not presented until September 16th, 1885—being nearly five years after the death of Samuel T. Glass, quite as long after the grant of letters of administration on the surety's estate, and more than three years after the attainment of his majority by William B. Glass. The mandatory exaction of the statute is, that "all claims against the estate of a deceased person must be presented within eighteen months after the grant of letters of administration, and, if not presented within that time, are forever barred."—Code, 1876, § 2597.

Under the views above expressed, the presentation came too late, the claim being then barred, and the court properly so ruled.

Affirmed.