# Brothers, Admr. v. Gunnels.

*Action Against Administrator De Bonis Non on Judgment Recovered Against his Predecessor.*

1. *Judgment against administrator not binding on administrator de bonis non.*—A judgment against an administrator in chief, as to a succeeding administrator *de bonis non*, is *res inter alios acta*, and is neither binding on him, nor gives a cause of action against said administrator *de bonis non.*

APPEAL from the Circuit Court of Calhoun.

Tried before the Hon. LEROY F. BOX.

This was a suit brought on a judgment which was obtained by the appellee, D. P. Gunnels, in the circuit court of Calhoun county, against one Solomon Bean, who was the administrator *de bonis non* of the estate of David E. Hawkins, deceased. Bean was removed from the administration of the estate after he had moved from the State of Alabama. In his stead, a man by the name of Bobo was appointed, who also moved to Texas, and he was relieved of the administration of said estate for that reason. Succeeding him was another Bobo, who, as an administrator *de bonis non*, completed the administration. While the last Bobo was the administrator of the estate, Gunnels made a motion in the circuit court of said county for a revivor of the judgment against said Bobo. The court granted the motion, and his action was reversed by this court in the case of *Bobo v. Gunnels*, 92 Ala. 601. The said administrator made a final settlement of his administration. Since that time the widow of the deceased has died, and left the lands which had been set apart to her as dower and a homestead, unadministered. The appellant, S. D. G. Brothers was appointed administrator *de bonis non* of the estate of David E. Hawkins. Thereupon the present suit was instituted by the appellee, Gunnels, for the purpose of collecting his debt, which was evidenced by the judgment recovered by him against Solomon Bean, the former administrator, as stated above. The defendant demurred to the com-

[Brothers, Admr. v. Gunnels.]

plaint on the following grounds : 1st. The complaint shows no cause of action against the defendant. 2d. The judgment sued on constitutes no cause of action against the present defendant. The court overruled this demurrer, and upon the defendant declining to plead further, judgment was rendered against him in favor of the plaintiff. The defendant appeals, and assigns as error the overruling of his demurrer to the complaint.

S. D. G. BROTHERS, for appellant.—The judgment upon which this suit is based, is not a cause of action against this appellant, as the administrator *de bonis non* of the estate of D. E. Hawkins, deceased. Unless this court sees proper to modify its former decisions on this subject, the demurrers should have been sustained.— *Graves v. Flowers*, 51 Ala. 402 ; *Martin v. Ellerbe*, 70 Ala. 326 ; *Bobo v. Gunnels*, 92 Ala. 601.

WILLIAM M. HARRIS and JOHN H. CALDWELL, *contra*.

COLEMAN, J.—The only question presented by the record is, whether a judgment recovered against an administrator in chief, gives a cause of action against an administrator *de bonis non*. This question has been settled by numerous decisions of this court adversely to the appellee. We presume the trial court was misled by a statement in the opinion of the case of *Bobo v. Gunnels*, 92 Ala. 602, in which it was said, the question would be treated as an open one, 'if it should come before us again. There has been no statute which provides for the revival of such a judgment against an administrator *de bonis non* by *scire facias*, nor which declares the liability of an administrator *de bonis non* for a judgment recovered against the administrator in chief. Until the law has been changed by statutory enactment, we feel bound by the previous decisions of this court, in which the principles of law and the reasons therefor are fully discussed and declared.—*Graves v. Flowers*, 51 Ala. 402, and cases cited ; *Martin v. Ellerbe*, 70 Ala. 326 ; *Teague v. Corbitt*, 57 Ala. 529 ; *Starke v. Wilson*, 65 Ala. 576.

Reversed and remanded.