[Street, Admr. v. Henry *et al.*]

# Street, Admr. v. Henry *et al.*

*Action Against Administrator for an Accounting.*

1. *Administrator's bond; sureties on; what bound for.*—The surety on the bond of a deceased administrator is bound to pay whatever liability rested on his principal at the date of his death.

2. *Same; when cause of action against sureties on.*—Before any cause of action arises against a surety on an administrator's bond, either in law or equity, there must be a judicial ascertainment of the default of the principal.

3. *Same; surety on bond by decree against principal.*—In the absence of fraud or collusion a surety on the bond of an administrator is bound by a judgment or decree rendered against his principal in the course of his administration.

4. *Same; for whose act not bound.*—But the surety is not bound by any judgment or decree against the personal representative of his principal or by acts done by him, for whose fidelity he has not promised to answer.

5. *Limitation; in favor of surety on administrator's bond.*—The statutory bar in favor of the surety on the bond of an administrator must be computed from the period of the judicial ascertainment of the default of the principal.

6. *Stale demand; what is.*—Street as administrator *de bonis non* of Jacobs prosecuted a suit in chancery against McDonald as the administrator of Moore, who was administrator in chief of Jacobs, and against Henry as the surety on Moore's administration bond, to require McDonald to settle Moore's administration and to require Henry to pay any balance that might be due by Moore at his death to the estate of Jacobs. Pending the suit Henry died and the suit was revived against his executors. It appeared that many years had elapsed since Moore's administration and partial settlement of the estate, that he and both of his sureties were dead, that so far as the record discloses there was no living witness who was conversant with the transactions and could aid in stating the account. *Held,* that the demand was stale, and the accounting should be denied.

APPEAL from Marshall Chancery Court.
Heard before Hon. W. H. SIMPSON.

The case is stated in the opinion. It need only be fur-
ther stated that the partial settlement of James H.
Moore, upon which reliance is placed to take this case
out of the doctrine of stale demand, accrued in 1873.

O. D. STREET, for appellant.—When complainant
shows a recognition of the trust within twenty years, the
burden of proving staleness is shifted to the party as-
serting it.—*Phillipi v. Phillipi*, 61 Ala. 41; *Bercy v. Lav-
retta*, 63 Ala. 374; *Ridgway v. McAlpine*, 31 Ala. 458;
*Harrison v. Heflin*, 54 Ala. 552. (2). Mere lapse of time
is but one element of staleness.—*Paschal v. Hinderer*,
28 O. St. 568; *Earl Beauchamp v. Winn*, 6 H. L. 223;
*Coles v. Ballard*, 78 Va. 139; *Willis v. Gunn*, 5 Gratt.
384.

LUSK & BELL, *contra*, to show staleness of demand,
cited, *Rieves v. Morris*, 108 Ala. 527.

HARALSON, J.—The original bill was filed in this
case, on the 31st August, 1892, by Henry D. Jacobs, as
administrator *de bonis non* of Simon Jacobs, against
Andrew J. McDonald, as administrator of the estate of
James H. Moore deceased, who was the administrator in
chief of said Simon Jacobs deceased, and against Albert
G. Henry as surety on the bond of said Moore in his ad-
ministration on said Jacobs' estate, the object of the bill
being, to require McDonald, as administrator of Moore,
to settle Moore's administration on said Jacobs' estate,
and for a decree against him as such administrator and
against said Henry, as surety on Moore's bond, for any
balance that may be found to have been due and owing
by said Moore on his said administration at the time of
his death. Said Henry D. Jacobs was the original com-
plainant in this case, but in a collateral paper found in
the transcript, it appears that prior to the 29th May,
1894, said Henry D. Jacobs was removed from the ad-
ministration and O. D. Street, the appellant, was ap-
pointed in his place. When and for what reason Jacobs
was removed, and Street appointed, we have been unable
to ascertain.

The said A. G. Henry as surety on said administration bond, by its tenor and effect, was bound to pay whatever liability rested on Moore at the date of his death, and no more. His liability, as contra-distinguished from the accrual of a cause of action against him to enforce the same, was contingent, or conditional, and it did not depend, as was held in *Martin v. Ellerbee*, 70 Ala. 336, upon a judicial ascertainment of the state of Moore's accounts, by a suit in any court. But, before any *cause of action* arises against such a surety at law or in equity, there must be a judicial ascertainment of the default of the principal; and in the absence of fraud or collusion, a surety is bound by a judgment or decree rendered against his principal in the course of his administration, as they are bound by such acts he is required by law to perform, but he is not bound by any judgment or decree against, or acts done by the personal representative of his principal, for whose fidelity he has not promised to answer.—*Fretwell v. McLemore*, 52 Ala. 124, 136; *Stallworth v. Farnham*, 64 Ala. 259. From the period of the judicial ascertainment of the default of the principal, the statutory bar in favor of the surety must be computed.—*Fretwell v. McLemore, supra; Jones v. Ritter*, 56 Ala. 270; *Browder v. Faulkner*, 82 Ala. 257, 260.

The proceedings, therefore, in the probate court of Marshall county, by and between complainant and McDonald as the administrator of Moore, for the final settlement of Moore's administration on Jacobs' estate, are not evidence against Moore's surety, Henry. He was not a party to these proceedings, was in no way bound by them, and as to him, they were *res inter alios acta.*—*Martin v. Ellerbee, supra.*

The chancellor in his opinion said as to the staleness of demand, relied on by defendants to defeat the suit: "On account of the great lapse of time since Moore's administration and partial settlement of the Jacobs estate, and owing to the fact that he and both his sureties are dead, and that it does not affirmatively appear from the record that there is a living witness who is conversant with the transactions complained of, and who could aid in stating the account, it seems to the court that it would be unfair and unjust to put Henry's executors to an ac-

counting in respect to transactions occurring thirty years ago, and of which they, and perhaps all other persons now living are wholly ignorant." He cites as strikingly analogous to the one in hand, the case of *Rives v. Morris*, 108 Ala. 527.

In the case cited, George Holmes qualified as executor of Henry Holmes in 1867, with Josiah Morris and Wm. C. Ray as sureties on his bond. He made a partial settlement of the estate in the probate court in 1875, when it was ascertained he had in his hands a balance of over $66,000. It did not appear that any subsequent, or other settlement had been made in the probate court. It was shown that he paid several of the pecuniary legacies. Besides George, Mrs. Holmes only knew whether the former had settled with her, or to what extent he had failed to do so, and she had died in 1885. George, who knew all the facts, died in 1889, shortly before the filing of the bill; and Mrs. Alexander, who, it is presumed knew whether the executor had settled with her, died in 1890, a few months before the bill was filed. Josiah Morris, one of the sureties, died after the bill was filed. The object of the bill was to have an accounting and settlement by said sureties (the executor having died) of George Holmes' administration of the estate of the testator, both in respect to the direct interests of the complainants threin, and also in respect to the legacies of Anna Holmes, to whose rights they had succeeded. There were a demurrer, pleas and answers by respondents, testimony was taken, and the cause was submitted for final decree on the evidence and on the motion to dismiss for want of equity. On the hearing in the lower court, the bill was dismissed. McClellan, J., expressing the opinion of this court on appeal, said: "The demand made by the bill for an accounting and settlement is not barred by any statute of limitations. Nor has it passed under the ban of the doctrine of prescription in consequence of the lapse of twenty years, for it was not twenty years from the date of the partial settlement in the probate court to the time of bill filed. Nor, indeed, has the mere delay in bringing forward the demand, in and of itself, been sufficient to render it a stale demand. But, in our opinion, the delay, the circumstances attending

and characterizing it, the altered conditions surround-
ing the parties at the time of bill filed, and now, and the
consequent uncertainty that the court will ever be able
to decree a just accounting, the uncertainty which can
now never be satisfactorily resolved, whether indeed
there have not been full settlements with all parties in-
terested, the great and manifest danger that if this mat-
ter were now opened up and the sureties, who are wholly
ignorant of the accounts should be put to an accounting,
with no living person cognizant of the real facts to aid
them in stating the account, or to depose to its items
before the court,—all these considerations, we repeat,
taken with the long lapse of time during which, while
the executor, Mrs. Alexander and Mrs. Holmes were
alive, an accounting might have been had, render the
claims put forward in this bill stale demands, to the sat-
isfaction of which, no court of equity ought to, or could
intelligently, lend its aid. In adopting this view we go
upon the well established doctrine of equity, that 'when
from delay, any conclusion the court may arrive at must
at best be conjectural, and the original transactions have
become so obscured by lapse of time, loss of evidence, and
death of parties as to render it difficult if not impossible
to do justice, the plaintiff will by his *laches* be precluded
from relief; and it is not even necessary that the court
should be satisfied that the original claim was unjust,
or has been satisfied.'—12 Am. & Eng. Ency. Law, pp.
550-551."

The circumstances of that case, and the principles
above announced which are so manifestly equitable, are
precisely applicable to this case, and compel an affirm-
ance of the decree below.

Affirmed.