(107 So. 63)

### COWAN et al. v. PERKINS. (6 Div. 564.)

(Supreme Court of Alabama. Jan. 14, 1926.)

**1. Executors and administrators ⬸464—Administrator of estate of deceased administrator must make settlement of former administration.**

Under Code 1923, § 5925, administrator of the estate of a deceased administrator must make settlement of former administration, jurisdiction over which is in the probate court; a decree being rendered under section 5927 in favor of the administrator de bonis non of the original estate.

**2. Executors and administrators ⬸535 — Decree against personal representative of deceased administratrix for amount due estate of latter's intestate does not bind surety of deceased administratrix.**

Decree rendered against personal representative of deceased administratrix for settlement of former administration, under Code 1923, §§ 5925, 5927, does not bind surety of deceased administratrix; there being no privity between such surety and administrator of his principal.

---

⬸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Executors and administrators** ⊂⇒537(I)— **Action at law not maintainable against surety for devastavit by deceased administrator; remedy being in equity.**

An action at law by administrator de bonis non cannot be maintained against surety of deceased administratrix for a devastavit by administratrix; the remedy being by accounting in equity against surety whose liability accrues on death of administratrix.

**4. Executors and administrators** ⊂⇒537(4)— **Statute authorizing administrator de bonis non to call surety of deceased administrator to account in probate court held limited to cases where there is no personal representative of estate of deceased administrator.**

Code 1923, §§ 5935–5939, authorizing administrator de bonis non to call surety of deceased administrator to account in probate court, is limited to cases wherein there is no personal representative of the estate of deceased administratrix, and does not affect section 5925, requiring settlement to be made by personal representative of deceased administrator, if there is one, nor does it contemplate separate proceedings in probate court against administrator and against his surety.

**5. Executors and administrators** ⊂⇒537(4)— **Statutes authorizing surety of deceased administrator to be called to account in probate court does not oust general jurisdiction of equity court to settle estates of decedents.**

If Code 1923, § 5937, authorizing an administrator de bonis non to call surety of deceased administratrix to account in probate court, extends to cases where there is a personal representative of deceased administrator, it does not, nevertheless, oust the general jurisdiction of courts of equity to settle estates of decedents.

**6. Executors and administrators** ⊂⇒508(3)— **Statutes providing for enforcement of decrees in probate or for collection of judgments against estates, not applicable to decree against personal representative of deceased administratrix for settlement of former administration.**

Statute providing for enforcement of decrees in probate court on final settlements or for collection of judgments at law, recovered against estate of decedent for debts incurred in lifetime, are inapplicable to a decree against personal representative of deceased administratrix for settlement of former administration, unless provision is made to stay execution in case settlement is made within six months after grant of letters, as required by statute, in view of Code 1923, §§ 5928, 5929.

**7. Executors and administrators** ⊂⇒513(5)— **Decree against personal representative of deceased administratrix in settlement of former administration held to be primary charge against assets of deceased administratrix, and chargeable against her administratrix de bonis non.**

Decree against personal representative of deceased administratrix for amount due estate of latter's intestate, revived against administratrix de bonis non of deceased administratrix, is a primary charge against assets of estate of deceased administratrix, if sufficient, and funds in hands of administratrix de bonis non are chargeable with such decree.

**8. Executors and administrators** ⊂⇒537(I)— **Surety of personal representative of deceased administratrix liable in equity for devastavit of personal representative.**

If personal representative of deceased administratrix commits a devastavit in course of his administration, the surety on his bond is answerable in equity therefor.

**9. Executors and administrators** ⊂⇒537(7)— **Joinder of surety of deceased administratrix, her administratrix de bonis non, and surety of her personal representative in bill to collect debt of deceased administratrix held proper.**

Bill to collect debt due an estate, joining surety of deceased administratrix liable for her devastavit, surety of her personal representative, liable for devastavit of funds of her estate, and her administratrix de bonis non, contains no misjoinder of parties defendant; the right of subrogation in equity being worked out by having all parties before court in one suit.

**10. Executors and administrators** ⊂⇒224—**Decree against personal representative of deceased administratrix for amount due estate of latter's intestate held not subject to statute of nonclaim.**

Decree against personal representative of deceased administratrix for amount due estate of latter's intestate, revived against administratrix de bonis non of deceased administratrix, is not subject to statute of nonclaim, since personal representative is charged with notice of the unsettled trust of his intestate, and is required of his own motion to make settlement and final adjudication so far as liability of estate of deceased administratrix is concerned.

Appeal from Circuit Court, Jefferson County; W. M. Walker, Judge.

Bill in equity by John R. Perkins, Jr., as administrator de bonis non of the estate of John R. Perkins, deceased, against the Fidelity & Deposit Company of Maryland, the American Surety Company, and Jessie B Cowan, as administratrix de bonis non of the estate of Margaret B. Perkins, deceased. From a decree overruling a demurrer to the bill, respondents appeal. Affirmed.

See, also, post, p. 158, 107 So. 66.

H. C. Wilkinson, Frank S. White & Sons, and E. C. Crow, all of Birmingham, for appellants.

There is no equity in the bill. Complainant has an adequate remedy at law. Carpenter v. Carpenter, 200 Ala. 96, 75 So. 472; Acts 1844, p. 166; Code 1923, §§ 5925, 5927, 5937, 5939; 24 C. J. 763; Snedicor v. Carnes, 8 Ala. 655; Southern Steel Co. v. Hopkins, 174 Ala. 465, 57 So. 11, 40 L. R. A. (N. S.) 464, Ann. Cas. 1914B, 692; Turner v. Mobile, 135 Ala. 73, 33 So. 132; Evans v. Evans, 200 Ala. 329, 76 So. 95. The bill is multifarious, and there

is a misjoinder of parties. Hamilton v. Ala. Power Co., 195 Ala. 438, 70 So. 737; Rountree v. Satterfield, 211 Ala. 464, 100 So. 753; Ætna Ins. Co. v. Hann, 196 Ala. 234, 72 So. 48; Colburn v. Broughton, 9 Ala. 351; Sumter County v. Mitchell, 85 Ala. 313, 4 So. 705; Webb v. Butter, 192 Ala. 287, 68 So. 369, Ann. Cas. 1916D, 815. The chancery court has no jurisdiction regarding final settlement of estate, where the probate court has actually entered upon the exercise of its jurisdiction. Carpenter v. Carpenter, 200 Ala. 96, 75 So. 472; Evans v. Evans, 200 Ala. 329, 76 So. 95.

Miller & Graham and Douglass P. Wingo, all of Birmingham, for appellee.

The bill is not multifarious. 21 C. J. 410; Hunley v. Hunley, 15 Ala. 91; Savage v. Benham, 17 Ala. 119; Stallworth v. Farnham, 64 Ala. 259. Complainant has no adequate remedy at law. Stallworth v. Farnham, 64 Ala. 259; Means v. Hicks, 65 Ala. 241; Street v. Henry, 124 Ala. 153, 27 So. 411. All the respondents named are proper parties to the bill. Stallworth v. Farnham, supra; Griffin v. Spence, 69 Ala. 393.

BOULDIN, J. The bill is filed to collect a decree of the probate court rendered on final settlement of an estate. The appeal is from a decree overruling demurrers thereto. Briefly stated, the case made by the bill is this:

Margaret B. Perkins was administratrix of the estate of John R. Perkins, deceased. Fidelity & Deposit Company of Maryland was surety on her administration bond. She died without making a final settlement. A. M. Boyte became administrator of her estate. American Surety Company was surety on his bond. John R. Perkins, Jr., became administrator de bonis non of the estate of John R. Perkins, deceased. Pursuant to section 5925, Code of 1923, a final settlement of Margaret B. Perkins' administration of the estate of her intestate was made by her administrator, resulting in a decree being entered, pursuant to directions of this court on appeal, in favor of John R. Perkins. Jr., administrator de bonis non, and against A. M. Boyte, administrator, for $2,900.10. Boyte v. Perkins, 211 Ala. 130, 99 So. 652. Later A. M. Boyte died, and Jessie B. Cowan became administratrix de bonis non of the estate of Margaret B. Perkins. The decree against the administrator in chief not being paid, it was revived in the probate court against Jessie B. Cowan, administratrix de bonis non, under Code 1923, § 6045. Cowan v. Perkins (Ala. Sup.) 107 So. 66.[1] This bill is filed by John R. Perkins, Jr., administrator de bonis non, to collect the decree so revived.

Fidelity & Deposit Company of Maryland, surety on the bond of Margaret B. Perkins, American Surety Company, surety on the

bond of A. M. Boyte, and Jessie B. Cowan, as administratrix de bonis non, are made parties defendant.

[1] At common law, if an administrator committed a devastavit, his administrator, upon his death, was not liable at law. It was regarded at law as a personal tort which did not survive. It resulted that his administrator could not be required to settle the former administration in the orphans' court. The remedy was in equity. Gray v. Jenkins, 24 Ala. 516; Taliferro v. Bassett, 3 Ala. 670; Snedicor v. Carnes, 8 Ala. 655. This led to the act of 1845, brought down to us as section 5925, Code of 1923. The statute gives jurisdiction of such settlement to the probate court, and makes it the duty of the administrator of the estate of the deceased administrator to make settlement of the former administration. A decree is rendered in favor of the administrator de bonis non of the original estate. Code 1923, § 5927.

[2, 3] But the decree so rendered does not conclude nor in any way bind the surety of the deceased administrator. He became bound for the faithful administration of the trust by his principal, and a decree against the principal on final settlement by him concludes the surety, but there is no privity between such surety and the administrator of his principal. The surety has not contracted for his faithful performance, and is not bound by his acts. Neither can an action at law be maintained against the surety for a devastavit by the deceased administrator. The remedy is by accounting in equity against the surety, whose liability accrues upon the death of the administrator. U. S. Fidelity & Guaranty Co. v. Pittman, 183 Ala. 603, 62 So. 784; Street v. Henry, 124 Ala. 153, 27 So. 411; Martin v. Ellerbe, 70 Ala. 326; Stallworth v. Farnham, 64 Ala. 259; Page v. Bartlett, 101 Ala. 193, 13 So. 768; Glass v. Woolf, 82 Ala. 281, 3 So. 11; Fretwell v. McLemore, 52 Ala. 124; Gray v. Jenkins, 24 Ala. 516; Presley v. Weakley, 135 Ala. 517, 33 So. 434, 93 Am. St. Rep. 39.

[4] It is suggested in argument for Fidelity & Deposit Company of Maryland that complainant had an adequate remedy at law under section 5937, Code of 1923, authorizing the administrator de bonis non to call the surety of the deceased administrator to account in the probate court. That section is part of the act of March 8, 1915 (Gen. Acts, p. 138). This act is codified as sections 5935 to 5939, inclusive. By section 1 of the act (Code, § 5935), it is limited to cases wherein there is no personal representative of the estate of the deceased administrator.

Nothing appears in the statute indicating a purpose to modify or repeal Code, § 5925, requiring the settlement to be made by the personal representative of the deceased administrator, if there is one. Neither does it contemplate separate proceedings in the

1 Post, p. 158.

probate court, one against the administrator, and another against the sureties. This is made manifest by section 2 of the act (Code, § 5936), providing that, should an administrator be appointed pending the settlement by the sureties, he should be made a party. If a like provision was made for bringing in the surety on a settlement by the administrator under section 5925, then both would be bound by the decree rendered. But no such provision is made, and the long-settled rule that the surety of the deceased administrator is not bound by the decree rendered against the administrator of the deceased administrator's estate still prevails.

[5] It may be added that, if section 5937 be construed as extending to the case before us, such statutes have never been held in this state to oust the general jurisdiction of courts of equity to settle estates of decedents.

[6] Dealing with the insistence that an adequate remedy existed by issuing of execution on the decree against A. M. Boyte, administrator, it is sufficient to say that by directions of this court the probate decree declared no execution should issue thereon, but the decree should stand as a valid allowed claim against the estate of Margaret B. Perkins, deceased. Boyte v. Perkins, 211 Ala. 130, 99 So. 652. There is no occasion here to review the ground upon which the decree was so entered. In any event, it denies the relief by execution as contended. It is not meant here to question the ruling of this court in Boyte v. Perkins, supra. It is based upon a construction of our statutory system as a whole touching the administration of estates. As pointed out in Boyte v. Perkins, the statutory provisions for enforcement of decrees in the probate court on final settlement are inapplicable to a decree of this kind. Neither are those providing for collection of judgments at law recovered against the estate of a decedent for debts incurred in his lifetime, unless some provision be made to stay execution in case the settlement is made as the statute requires within six months after the grant of letters. Otherwise the entire estate of the deceased administrator may be consumed before other creditors of his estate have presented their claims, and, in case of insufficiency of assets to pay the decree, authorize execution against the administrator personally before the time has arrived for him to ascertain the solvency or insolvency of the estate.

It is significant that provisions are made by sections 5928 and 5929 for stay of execution and cases of insolvency, where, on the settlement, the balance is found in favor of the dead administrator, and decree rendered against the administrator de bonis non of the original estate. The fact that the decree against the estate of the dead administrator is not binding on his sureties, and, therefore, the full remedy for its enforcement is in equity, probably influenced the lawmakers in providing no appropriate proceedings by execution in this class of cases.

[7-9] This decree is a primary charge against, and due to be paid from the assets of the estate of Margaret B. Perkins, deceased, if sufficient for that purpose. If A. M. Boyte committed a devastavit in course of his administration, as charged in the bill, the surety on his administration bond is answerable in equity therefor. The funds in the hands of Jessie B. Cowan, administratrix de bonis non, are still chargeable with this decree. The purpose of the bill is single—the collection of this debt from the estate of Margaret B. Perkins, or the surety liable for her devastavit, or the surety of A. M. Boyte, in so far as he committed a devastavit of the funds of her estate. There is no misjoinder of parties respondent. The rights of subrogation in equity can be worked out by having all the parties before the court in one suit.

[10] It is scarcely necessary to note that the decree here involved is not subject to the statute of nonclaim. The law charged A. M. Boyte with notice of the unsettled trust of his intestate in a court of record, and required him, of his own motion, to make settlement and have a final adjudication so far as the liability of her estate was concerned. That it was a validated, adjudicated claim, to be paid in due course, was, in effect, declared in the decree.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.