(107 So. 66)

**COWAN v. PERKINS.**    (6 Div. 400.)

(Supreme Court of Alabama    Jan. 14, 1926.)

1. **Executors and administrators** ☞513(5)— Decree against personal representative of deceased administratrix for settlement of former administration held a final adjudication, which must be paid by personal representative.

Decree in probate court against personal representative of deceased administratrix for settlement of former administration *held* to be a full and final adjudication of fact and amount of liability of deceased administratrix, conclusive on her personal representative, with same effect as a judgment at law against administratrix for indebtedness incurred during her lifetime, and hence personal representative is under a duty to pay it.

2. **Judgment** ☞865—Decree against personal representative of deceased administratrix for settlement of former administration may be revived against administratrix de bonis non of deceased administratrix.

Under Code 1923, § 6045, a decree against personal representative of deceased adminis-

---

tratrix for settlement of former administration, obtained under sections 5925, 5927, may be revived against administratrix de bonis non of deceased administratrix, who is under same duty to pay to extent only of assets in her hands as first administratrix.

Appeal from Probate Court, Jefferson County; J. P. Stiles, Judge.

Petition of John R. Perkins, Jr., as administrator de bonis non of the estate of John R. Perkins, deceased, to revive a decree against Jessie B. Cowan, as administratrix de bonis non of the estate of Margaret B. Perkins, deceased. From a decree granting the petition, defendant appeals. Affirmed.

See, also, ante, p. 155, 107 So. 63.

H. C. Wilkinson, of Birmingham, for appellant.

A declaratory order of the probate court establishing an indebtedness owed an estate by a deceased administrator is not such a decree as may be revived. Code 1907, § 2806. A decree in favor of the administrator de bonis non and against the representative of a deceased administrator, for property of the estate which the deceased administrator may have wasted, is not authorized. Code 1907, § 3694; Boyte v. Perkins, 211 Ala. 135, 99 So. 652. A decree of the probate court, purporting to establish a claim against an estate without the claim being verified, is null and void. Whitmire v. Powell (Tex. Civ. App.) 117 S. W. 433; Code 1907, §§ 2590–2593; Brannon v. Sherry, 195 Ala. 275, 71 So. 106. The statute of nonclaim cannot be waived by the administrator. 18 Cyc. 937.

Miller & Graham, of Birmingham, for appellee.

Where a decree has been rendered against an administrator in chief, who dies, resigns, or is removed, said decree will be revived against the administrator de bonis non. Code 1907, § 7806. In a proceeding to revive a decree, a collateral attack thereon cannot be made, the merits cannot be inquired into, and no matter can be pleaded in defense which was or might have been set up in defense to the original action. Betancourt v. Eberlin, 71 Ala. 461; Duncan v. Hargrive, 22 Ala. 150; Miller v. Shackleford, 16 Ala. 95; 15 R. C. L. 834. If the defense of the statute of nonclaim was not interposed in the original action, it was lost. Mardis v. Smith, 2 Ala. 382; Smith v. Huie, 14 Ala. 201. A proceeding to revive is not an original one, but a mere continuation of the former suit. 34 C. J. 670.

BOULDIN, J. This is a proceeding to revive a decree in the probate court. Margaret B. Perkins was administratrix of the estate of her deceased husband, John R. Perkins. She died many years after her appointment without having made a final settlement of her administration. A. M. Boyte became the administrator of her estate, and John R. Perkins, Jr., administrator de bonis non of the estate of John R. Perkins, Sr. Proceedings were then had to require A. M. Boyte, administrator, to make final settlement of Margaret B. Perkins' administration of her husband's estate pursuant to section 5925, Code 1923. Upon this settlement it was ascertained the estate of Margaret B. Perkins was indebted to the estate of John R. Perkins, and decree was rendered in favor of John R. Perkins, Jr., administrator de bonis non, against A. M. Boyte, as administrator of the estate of Margaret B. Perkins, deceased, for the amount found due.

On appeal the decree was reversed for errors pointed out, and the cause remanded, with directions to enter a decree in conformity with the decision of this court. Boyte v. Perkins, 211 Ala. 135, 99 So. 652.

Decree was accordingly rendered in the probate court for the corrected amount, $2,-900.10. Later A. M. Boyte died, and Mrs. Jessie B. Cowan succeeded him as administratrix de bonis non of the estate of Margaret B. Perkins.

The present proceeding is by John R. Perkins, Jr., as administrator de bonis non of the estate of John R. Perkins, Sr., to revive said decree against Mrs. Jessie B. Cowan, as administratrix de bonis non of the estate of Margaret B. Perkins, deceased.

The nature and effect of the decree rendered against the administrator in chief under section 5925, Code of 1923, is more fully discussed in our decision in a companion case (6 Div. 564, 107 So. 63[1]) on appeal from a decree in equity, between the same parties, handed down at this time.

[1] It is sufficient here to say the decree in the probate court was a full and final adjudication of the fact and amount of the liability of Margaret B. Perkins for a devastavit in course of her administration. For this purpose it was conclusive on her administrator, A. M. Boyte. It represents a debt of his decedent incurred in her lifetime by reason of her doings in relation to the trust committed to her. As an adjudication of an indebtedness against her estate, it had the same dignity and effect as a judgment at law on any other indebtedness incurred in her lifetime. It became the duty of her administrator, Boyte, to pay it in due course from the assets of her estate as other valid claims.

It is true that, for reasons stated in Boyte v. Perkins, supra, the probate court, pursuant to our directions, ordered that no execution issue; but by the same directions the decree was to stand as a valid allowed claim; that is, a validated, adjudicated

---

[1] Ante, p. 155.

claim protecting her administrator in its payment, and imposing the duty so to do if assets of her estate were sufficient to pay her debts, and, if not, take the proper steps by way of insolvency proceedings.

[2] Code 1923, § 6045, reads:

"In all cases where judgment or decree has been rendered against an administrator in chief, of any estate, and such administrator in chief dies, resigns, or is removed before the satisfaction of such judgment or decree, such judgment or decree may be revived in favor of the owners of such judgment or decree, or their personal representative, against the administrator de bonis non of such estate on ten days' notice to such administrator de bonis non; but such liabilities shall only bind the administrator de bonis non to the extent of the assets of the estate which have come into his possession."

Prior to this statute a judgment or decree against an administrator in chief was not binding upon, and furnished no cause of action against, a succeeding administrator de bonis non. Hence it could not be revived against him. Brothers v. Gunnels, 110 Ala. 436, 18 So. 3. This decision in 1895 was followed by the act of November 30, 1896 (Acts 1896-7, p. 23, § 1), now codified in the above section. Its language is inclusive, and applies to a decree rendered against the administrator in chief under sections 5925, 5927, Code 1923. The administrator de bonis non is protected by a limitation of his liability to the assets coming into his hands. The revival of the judgment is, in effect, an adjudication that the decree is still unsatisfied, protects the administrator de bonis non in its payment, and imposes the same duty of payment from assets in his hands as was imposed upon the administrator in chief.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

